STATE OF MICHIGAN
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

SERGEI FEDOROV,

                                        Hon.  Denise Page Hood
                                        Case No. 09-14077

        Plaintiff,

vs.

HYMAN LIPPITT, P.C., DOUGLAS HYMAN,
NORMAN LIPPITT, AND BRIAN O'KEEFE,

        Defendants.
_____

## DEFENDANTS' RULE 37 MOTION TO COMPEL AND BRIEF IN SUPPORT

Hyman Lippitt, P.C. ("Hyman Lippitt"), Douglas Hyman, Norman Lippitt and Brian O'Keefe (jointly, "Defendants") state as follows for their Rule 37 Motion to Compel and Brief in Support:

## MOTION TO COMPEL

1. Sergei Fedorov has sued Hyman Lippitt, P.C. and three of its partners for legal malpractice, breach of fiduciary duty, and aiding and abetting Joseph Zada in the breach of his fiduciary duties to Mr. Fedorov.

2. The gist of Mr. Fedorov's complaint is that while Brian O'Keefe (one of the defendant-partners at Hyman Lippitt) represented Mr. Fedorov in certain personal matters, Norman Lippitt and Douglas Hyman (the other defendant-partners of Hyman Lippitt) represented Mr. Zada in connection with an anticipated inheritance and in unrelated litigation filed by creditors.

3. After years of transferring millions of dollars to Mr. Zada, Mr. Fedorov now

believes Mr. Zada was operating a Ponzi scheme.[1]  Mr. Fedorov recently obtained a $60 million judgment against Mr. Zada in a suit where Mr. Fedorov alleged Mr. Zada defrauded him out of tens of millions of dollars.

4. Mr. Fedorov contends that different Hyman Lippitt attorneys' representation of Mr. Zada and Mr. Fedorov in unrelated matters created an untenable conflict of interest.[2]  Specifically, Mr. Fedorov alleges that (a) Mr. Hyman and Mr. Lippitt had a duty to inform Mr. Fedorov of the fact that there were suits pending against Mr. Zada in which Mr. Zada was accused of fraud; and that (b) Mr. O'Keefe should have withdrawn from representing Mr. Fedorov.

5. In order to determine the evidentiary support, if any, for Mr. Fedorov's contention that Defendants knew or should have known that Mr. Zada was allegedly operating a Ponzi scheme and in an effort to narrow the claims, Defendants served Mr. Fedorov with discovery on December 18, 2009.

6. Mr. Fedorov responded to but did not answer the discovery.  Indeed, other than producing some text messages and redacted copies of the legal files Defendants returned to Mr. Fedorov before this litigation started, Mr. Fedorov has not provided any information to support his outrageous claims.  *See* Response to Request for Admission, attached as Exhibit A; Response to Interrogatories, attached as Exhibit B; Response to Document Requests, attached as Exhibit C.

---

[1] Mr. Fedorov gave over $20 million to Mr. Zada before Mr. O'Keefe began representing Mr. Fedorov in 2001.  Over the next several years, Mr. Fedorov continued to give millions of dollars to Mr. Zada.  Mr. Fedorov did not seek Mr. O'Keefe's advice in connection with these transfers.

[2] On March 9, 2009, Mr. Zada and Mr. Fedorov signed an agreement in which Mr. Zada agreed to pay Mr. Fedorov $60 million.  Mr. Zada and Mr. Fedorov privately negotiated the terms of the agreement.  Hyman Lippitt documented the agreement after obtaining conflict waivers from both Mr. Zada and Mr. Fedorov.  Mr. Fedorov relied on this agreement to obtain a $60 million judgment against M. Zada.  This is the only matter on which Hyman Lippitt attorneys represented either Mr. Zada or Mr. Fedorov in any matter in which the other was a party.

7. Defendants made a diligent effort to resolve these discovery disputes prior to filing this motion, as required by Rule 37(a)(2) and Local Rule 7(a)(1), but were not able to obtain Mr. Fedorov's concurrence in the relief sought.

8. For these reasons and as set forth more fully in the accompanying Brief in Support, Defendants respectfully ask the Court to enter an order pursuant to Rule 37(a):

    a. Finding that Mr. Fedorov admitted Request for Admission No. 3, pursuant to Rule 36(a);

    b. Directing Mr. Fedorov to produce documents and information wrongfully withheld on the ground of privilege;

    c. Directing Mr. Fedorov to identify which documents produced correspond with which document request, as required by Rule 34(b);

    d. Directing Mr. Fedorov to provide a privilege log; and

    e. Directing Mr. Fedorov to identify with specificity the documents he is relying on in his answers to interrogatories, as required by Rule 33(d).

WHEREFORE, there being no just cause otherwise, Defendants respectfully ask the Court to enter an order granting this Motion to Compel.

## **ISSUES PRESENTED**

1. Should Mr. Fedorov be deemed to have admitted Request for Admission No. 3 where he failed to answer the request or to make a valid objection?

2. Should Mr. Fedorov be directed to turn over documents and information withheld because of privilege and to produce a privilege log?

3. Should Mr. Fedorov identify with specificity the documents he is relying on to respond to interrogatories, as required by Rule 33(d)?

4. Should Mr. Fedorov be required to identify the specific documents provided is response to each document request?

## **PRINCIPAL AUTHORITY**

*In re Professional Direct Ins. Co.,* 578 F.3d 432, 438 (6th Cir. 2009)

*Woods v. International Harvester Co.,* 697 F.2d 635, 639 (5th Cir. 1983)

*Gonzalez, Jr. v. Ohio Cas. Ins. Co.,* 2008 WL 795757 at * 2(E.D. Mich. 2008)

*Nolan, LLC v. TDC Intern. Corp.,* 2007 WL 3408584 at *2 (E.D. Mich. 2007)

## **BRIEF IN SUPPORT**

Mr. Fedorov made very public allegations against Hyman Lippitt and has in essence blamed Defendants for the loss of his once-considerable fortune. When asked to provide the evidentiary basis for these extraordinary claims, Mr. Fedorov hides behind a false privilege, refuses to answer requests for admission that would limit his claims, and refuses to provide any substantive information that would allow Defendants to test the veracity of Mr. Fedorov's claims. His discovery responses are as empty as his allegations.

**A.   The Court should deem Request for Admission No. 3 admitted or compel Mr. Fedorov to answer.**

Defendants served two discovery requests aimed at determining whether Mr. Fedorov contends that Mr. O'Keefe made transfers of Mr. Fedorov's funds to Mr. Zada without Mr. Fedorov's express authorization. *See* Request for Admission No. 3:

> 3.   *Admit that you are not aware of any transfer of your funds made by any Defendant to Mr. Zada that was not done without your express authorization.*

and interrogatory No. 4:

> 4.   *If you denied Request for Admission No. 3, identify (as the term is defined in Interrogatory No. 3) each transfer of your funds made by any Defendant to Mr. Zada that was not done without your express authorization.*

Rather than respond, Mr. Fedorov rephrased the discovery requests and then denied them: "*Plaintiff never gave any Defendant authorization to transfer funds to Mr. Zada to further a Ponzi scheme.*" *See* Exhibit A at No. 3; Exhibit B at No. 4 Defendants did not ask whether Mr. Fedorov authorized transfers of funds to further a Ponzi scheme and Rule 36 does not permit a responding party to rephrase the

6

question and then answer it. Mr. Fedorov knows whether he authorized Mr. O'Keefe to transfer funds to Mr. Zada and is required under the rules to provide an admission or a denial to this request. Moreover, if there were transfers he contends were made by Mr. O'Keefe without Mr. Fedorov's authorization, then Mr. Fedorov should identify them. Indeed, this is the type of investigation that Rule 11 requires be done before filing a complaint.

Mr. Fedorov has access to all records relating to all of his bank accounts and all of his transfers to Mr. Zada. There is no legitimate reason why he could not answer Request for Admission No. 3. Because he did not, it must be deemed admitted. Alternatively, he must answer it and Interrogatory No. 4.

**B. Documents withheld because of the attorney work product doctrine.**

Defendants asked Mr. Fedorov to list every action and omission that Mr. Fedorov contends constituted a breach of a professional or fiduciary duty. *See* Exhibit B at No. 1. Mr. Fedorov answered that because the information that would allow him to identify the acts and omissions was gathered by his counsel, he is not obligated to answer the interrogatory. Mr. Fedorov provided the same answer to Interrogatory Nos. 6, 7, 8, 9 and 13[3] and clarified in correspondence that the privilege asserted is the attorney work product doctrine. *See* January 22, 2010 correspondence, attached as Exhibit D, at p. 3.

The work-product doctrine protects an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process. *See Hickman v. Taylor,*

---

[3] As further evidence of the gamesmanship at issue in this case, Mr. Fedorov only verified answers to Interrogatory Nos. 12 and 14. The remaining "response" to interrogatories were utterly devoid of any information. In other words, Mr. Fedorov has no information that would support this suit. It was all (allegedly) gathered by his counsel who refuse to even hint as to what that information may be.

7

329 U.S. 495, 510 – 14 (1947).  The work-product doctrine is a procedural rule of federal law; thus, Federal Rule of Civil Procedure 26 governs this diversity case.  *In re Professional Direct Ins. Co.,* 578 F.3d 432, 438 (6th Cir. 2009).  Rule 26(b)(3) protects (1) "documents and tangible things"; (2) "prepared in anticipation of litigation or for trial"; (3) "by or for another party or its representative."  *Id.*  The work-product doctrine does not permit a party to "refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney."  *Hickman,* 329 U.S. at 505.

As an initial matter, Mr. Fedorov did not provide a privilege log so his assertion of privilege is waived.  *Gonzalez, Jr. v. Ohio Cas. Ins. Co.,* 2008 WL 795757 at * 2 (E.D. Mich, 2008).

Further, the interrogatories are not asking for any document created by counsel.  Rather, Defendants are asking Mr. Fedorov to identify Defendants' allegedly culpable acts  (Interrogatory No. 1) and the negative information Mr. Fedorov believes Defendants had about Mr. Zada that should have been disclosed to Mr. Fedorov, *i.e.* **the core charge in Mr. Fedorov's complaint** (Interrogatory Nos. 6, 7, 8, 9 and 13).  Under *Hickman,* Mr. Fedorov cannot hide this information on the ground that it is "solely within the knowledge of his attorney."  *Hickman, supra.*  Moreover, none of this information is a document created by counsel in anticipation of litigation and all of it is discoverable.[4]  Indeed, Mr. Fedorov admits that he intends to disclose all of these allegedly privileged materials on the eve of trial as part of his Rule 26(a)(3) disclosures.  *See* Exhibit D at p. 3 ("We fully anticipate that documents relating to

---

[4] The work product doctrine does not protect documents counsel gathers from publicly available sources. *Kartman v. State Farm Mut. Auto Ins. Co.,* 247 F.R.D. 561, 563 (S.D. Ind. 2007).

8

Defendants' acts and omissions will be identified in Plaintiff's Rule 26(a)(3) disclosures but we are not yet at this point in the litigation.")

Mr. Fedorov is taking the position that he can avoid discovery all together and ambush Defendants at trial with information he has had since before this case was filed. This simply is not permitted under the Federal Rules. *Woods v. International Harvester Co.,* 697 F.2d 635, 639 (5th Cir. 1983) ([T]rial by ambush is not contemplated by the Federal Rules of Civil Procedure.") Indeed, one of the primary objectives of the discovery provisions embodied by the Federal Rules is elimination of surprise in civil trials. *David v. Marathon Oil Co.,* 528 F.2d 395, 404 (6th Cir. 1975), cert denied 429 U.S. 823 (1976). Mr. Fedorov's refusal to provide basic discovery under the guise that it is "privileged" because the basis for the answers (apparently) lies in documents ***gathered*** but not ***created*** by his counsel is patent and impermissible gamesmanship. Mr. Fedorov must be compelled to answer Interrogatories Nos: 1, 6 – 9 and 13.

### C. If Mr. Fedorov is going to rely on business records in responding to interrogatories he has to identify the record, not just the locations where the documents are "physically located."

In response to Interrogatory Nos. 2, 3, and 5, Mr. Fedorov answers that he will "assist in making accessible Plaintiff's business records responsive to this interrogatory." *See* Exhibit B at Nos. 2, 3 and 5. If Mr. Fedorov is going to rely on business records to answer these interrogatories, he needs to identify the records "in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." *See* Rule 33(d). *Burcicki v. Newcor, Inc.* 2010 WL 419967 at * 1 (E.D. Mich 2010).

9

During the parties' discussions concerning Mr. Fedorov's deficient response to these interrogatories, Mr. Fedorov referred Defendants to a chart Mr. O'Keefe made for Mr. Fedorov outlining some transfers from Mr. Fedorov to Mr. Zada.  *See* Exhibit D at pp. 3 – 4.  The chart does not reference business records of Mr. Fedorov nor is it a "business record" of Mr. Fedorov.  Moreover, Mr. Fedorov indicates that because Mr. O'Keefe made the chart, Defendants should answer the interrogatory on their own from records Mr. Fedorov believes Defendants have.[5]  Rule 33(d) does not permit a responding party to answer an interrogatory by saying, "Answer it yourself from your own record."  That is exactly what Mr. Fedorov did here and he must be compelled to either provide substantive answers or to identify with specificity to records from which the answers may be derived.

### D. Mr. Fedorov has to identify which records correspond with specific discovery requests.

In response to Defendants' document requests, Mr. Fedorov produced part of his file formerly kept by Mr. O'Keefe, some text messages and documents from The Private Bank.  The documents were not labeled or organized to respond to specific requests and some of the documents could not be identified in the production.  For example, in Request No. 3, Defendants ask for "Every document related to any loan taken out by you where some or all of the proceeds were paid or payable to Mr. Zada."

---

[5] Mr. O'Keefe gave Mr. Fedorov his original files and did not make a copy of the complete file.

*See* Exhibit C at No. 3. These documents were not identified in the production. The same holds true for each of the document requests.[6]

Rule 34(b)(2)(E)(i) is meant to prevent a party from obscuring the significance of documents by giving some structure to the production. *Nolan, LLC v. TDC Intern. Corp.,* 2007 WL 3408584 at *2 (E.D. Mich November 15, 2007), citing *Johnson v. Kraft Foods, N.A., Inc.,* 236 F.R.D. 535, 540 (D. Kan. 2006). Other than some text messages and third-party bank records, the only documents that were produced were part of Mr. O'Keefe's files on Mr. Fedorov. As with his answers to interrogatories, Mr. Fedorov is in essence telling Defendants to answer the discovery they served on Mr. Fedorov themselves by reviewing their former records. Rule 34 does not permit him to do this.

### E. Conclusion.

Discovery is not a game of hide and seek. None of Defendants' discovery requests was obscure, vague or otherwise subject to any legitimate objection. Rather than respond in a manner required under the Federal Rules, Mr. Fedorov put the onus on Defendants to try to discern the answer to their discovery requests from records Mr. Fedorov believes they must have. Mr. Fedorov's discovery responses are woefully inadequate and stand as a bar to the parties' progress in this case. Defendants therefore respectfully ask the court to enter an order (a) directing Mr. Fedorov to answer Request to Admit No. 3 and Interrogatory No. 4; (b) to provide a

---

[6] Each of Mr. Fedorov's responses indicates that "non-privileged" documents will be produced. He did not provide a privilege log as required under Rule 26(b)(5). If Mr. Fedorov is withholding documents on the basis of privilege, he is required to "describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(ii).

privilege log for all documents withheld based on privilege; and (c) to amend his discovery answers as required by Rule 33(d) and Rule 34(b).

                        Respectfully submitted,

                        MADDIN, HAUSER, WARTELL
                          ROTH & HELLER, P.C.

                        */s/  Kathleen H. Klaus*
                        Kathleen H. Klaus (P67207)
                        Harvey R. Heller (P27351)
                        Steven M. Wolock (P38497)
                        Attorneys for Defendants
                        28400 Northwestern Hwy, 3rd Floor
                        Southfield, MI 48034
                        (248) 359-7520

Dated:  February 26, 2010

---

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 26, 2010, I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:  all counsel of record.

                        */s/  Kathleen H. Klaus*
                        Kathleen H. Klaus (P67207)
                        Attorney for Defendant
                        28400 Northwestern Highway, 3rd Floor
                        Southfield, MI 48034
                        (248) 359-7520