# EXHIBIT D

LAW OFFICES OF

# THE GOOGASIAN FIRM

─────────────────────────────────────────────────────────── P.C.

Thomas H. Howlett
thowlett@googasian.com

January 22, 2010

Kathleen H. Klaus, Attorney at Law
Maddin Hauser Wartell Roth & Heller
28400 Northwestern Highway, Ste. 300
Southfield, MI 48034

      ***Re:***    ***Fedorov v Hyman Lippitt, P.C., et al***
               **Case No. No. 2:09-cv-14077 (E.D. Michigan)**

Dear Kate:

      Thank you for your letter dated January 18, 2010 on some discovery issues. Following is a response on those discovery issues, as well as requests with respect to others.

      With regard to the April dates on which you are available for Mr. Fedorov's deposition, it appears that either April 28, 29 or 30 will work best, provided the team for which Mr. Fedorov plays in the Russian Federation has not made it to the finals in that league's playoffs. In the meantime, we would suggest that you issue a deposition notice, and we will keep you apprised if the date unexpectedly becomes a problem.

      With regard to your request that Mr. Fedorov be made available on two consecutive days for deposition, please clarify whether you are proposing that the parties consider stipulating to having the depositions of Mr. Fedorov, Mr. Hyman, Mr, Lippitt and Mr. O'Keefe occur over the course of two consecutive days for a specific additional number of hours, rather than having them limited to 1 day of 7 hours under Rule 30(d)(1) of the Federal Rules of Civil Procedure.

      With regard to the scheduling of other depositions, we would like to arrange for the deposition of former Hyman Lippitt attorney John P. Gonway, who now works at your firm, within the next 30 days. Please advise as to whether we should coordinate Mr. Gonway's appearance for deposition through you, or whether we should work with him directly on this.

      With regard to the references in your letter to a protective order, enclosed please find a draft Protective Order Against Unauthorized Disclosure of Confidential Information as Tab 1. Entry of a protective order was discussed during our Rule 26(f) conference, in the proposed Joint Discovery Plan, and at the scheduling conference with the Court. The proposed protective order is a standard protective order that aims to protect our respective clients' confidential information from public disclosure without any significant limitation to the use of those documents with our clients or in the

6895 Telegraph Road     248/540-3333
Bloomfield Hills, Michigan 48301-3138     Fax: 248/540-7213
www.googasian.com

Kathleen H. Klaus, Attorney at Law
Re: Fedorov v. Hyman Lippitt, P.C.
January 22, 2010
Page 2

---

discovery process. As you know, many of the discoverable documents in this matter are financial records containing private, confidential information relating to Mr. Fedorov, Joseph Zada, and/or your clients. If the anticipated production of documents from your clients' representation of Mr. Zada requires some additional or different language in this protective order, as we touched upon in our Rule 26(f) conference, please let us know, and we will consider it. If for some reason you will not agree to stipulate to the entry of the enclosed protective order or one modified by you, please let us know, and we will file a motion.

With regard to your inquiry regarding Plaintiff's Response to Request for Admission #3, the request was, and is, denied. Plaintiff, in a spirit of cooperation and good faith, attempted to explain that the request is objectionable due to the vagueness and ambiguity of the term "express authorization" as it relates to transfer of money to Mr. Zada, who has subsequently been revealed to be a Ponzi scheme operator. Because Mr. Fedorov never authorized *anyone* to transfer any money to a Ponzi scheme operator, it is not possible to admit that Mr. Fedorov "expressly authorized" any of the transfers of money to Mr. Zada in light of Mr. Zada's scheme, which was undisclosed to Mr. Fedorov – namely, to collect money from others by means of fraud and deception to meet his own cash flow needs. In addition, because Mr. O'Keefe had a power of attorney allowing to act on Mr. Fedorov's behalf for many years and Plaintiff does not yet have access to all of Hyman Lippitt's documents relating to transfers of funds made on Mr. Fedorov's behalf to Mr. Zada, it simply is not currently known by Plaintiff what transfers to Mr. Zada occurred as a result of requests specifically made by Mr. Fedorov or otherwise. Respectfully, Request to Admit #3 also did not ask Plaintiff to admit simply whether he "expressly authorized Mr. O'Keefe to transfer funds to Mr. Zada," as your January 18 letter states; instead, the request uses a triple-negative formulation in asking Plaintiff to admit that he is "not aware of any transfer... not done without your express authorization," a request that must be denied. In a spirit of cooperation, let us further acknowledge that there will be no dispute in this litigation that on numerous occasions, Mr. Fedorov requested that Mr. O'Keefe transfer money to Mr. Zada. Plaintiff is not trying to be difficult here, and we will fully cooperate in permitting discovery of all of the transfers made on Mr. Fedorov's behalf to Mr. Zada and to a factual determination as to which, including possibly all of them, were made at Mr. Fedorov's request. However, Plaintiff at this point in times denies Request to Admit #3. For the same foregoing reasons, Plaintiff stands by the answer to interrogatory number 4, which, among other things, make clear that Plaintiff will assist in making accessible all of Plaintiff's business records relating to all transfers made to Mr. Zada; we also are cognizant of the duty to supplement discovery responses.

Kathleen H. Klaus, Attorney at Law
Re: Fedorov v. Hyman Lippitt, P.C.
January 22, 2010
Page 3

---

      With regard to Plaintiff's response to interrogatory number 1, the interrogatory seeks discovery of facts about which Plaintiff has personal knowledge, and it has been answered accordingly. Plaintiff has only become aware of the alleged acts and omissions with regard to Defendants through subsequent counsel, who were engaged in the latter half of 2009 after Mr. Zada breached the $60 million contract prepared and negotiated on Mr. Fedorov's behalf by Hyman Lippitt; the $60 million contract had stated that Mr. Zada would pay Mr. Fedorov by a date certain "in immediately available funds." In light of your letter, we have reviewed the footnote cited in *Ross v. City of Memphis,* 423 F.3d 596, 604 n.5 (6th Cir. 2005), but respectfully do not see how it applies here. The most appropriate legal authority appears to be Rule 26(b)(3) of the Federal Rules of Civil Procedure, which provides that trial preparation materials may be discovered only upon a showing that the party is unable to obtain the equivalent information through other means without undue hardship. Respectfully, all of the privileged information at issue responsive to the interrogatory is available without undue hardship to Defendants because it is comprised of pleadings, correspondence, e-mails, and other documents and facts that are all *in the possession* of Defendants as a result of their representation of Mr. Zada and/or Mr. Fedorov. We fully anticipate that documents relating to Defendants' acts and omissions will be identified in Plaintiff's Rule 26(a)(3) disclosures, but we are not yet at that point in the litigation. As noted in Plaintiff's discovery responses, some of this information presumably also is contained in the documents that are to be produced by Defendants under Rule 26(a)(1), which are still forthcoming.

      With regard to interrogatory numbers 2, 3 and 5, you seek further clarification with regard to the business records relating to all transfers made to Mr. Zada, which Plaintiff's answers identify as being in the possession of Hyman Lippitt, P.C., The Private Bank, and/or Jaffe Raitt Heuer & Weiss, P.C. Although you assert that this reference to business records is "vague," we respectfully disagree as it not only states that it pertains to business records *relating to transfers to Mr. Zada*, but also states *where they are located*, including at Defendants' firm. In a spirt of cooperation, we attach a document that provides further guidance as to the referenced business records; at Tab 2, you will find a document sent by Defendants to Mr. Fedorov in early 2009 that purports to identify the specific dates and amounts of such transfers as well as the institution from which the amounts were transferred. The business records relating to these transactions, all of which apparently are or were in the possession of Defendants, are responsive to these interrogatories. It is worth noting that in e-mail from Mr. O'Keefe dated February 24, 2009 that is part of Tab 2, Defendants state that the report shows "*all* of the money that you have provided to Joe since 1998," and that the report is based

Kathleen H. Klaus, Attorney at Law
Re: Fedorov v. Hyman Lippitt, P.C.
January 22, 2010
Page 4

---

on "the best information that *we* currently have;" accordingly, Defendants are or have been in possession of the information responsive to these interrogatories.

Finally, with regard to answers to interrogatories 6 and 7, Plaintiff's answers are complete and accurate, particularly in light of the procedural posture of the litigation, including the fact that Defendants' own production of documents relating to Rule 26(a)(1) disclosures are forthcoming. Nonetheless, in a spirit of cooperation, Plaintiff notes that, as Defendants are already fully aware, the lawsuits in which Defendants were involved on Mr. Zada's behalf relating to his Ponzi scheme activities included, but are not necessarily limited to, *Aubrey v. Zada* (Wayne County), *Aubrey v. Zada* (Macomb County), *Tocco v. Tocco* (Eastern District of Michigan), *Zada v. Donaldson* (Oakland County), *Citizens State Bank v. Zada* (Oakland County), *American Express v. Zada* (Wayne County), and *Citizens State Bank v. Zada* (Macomb County).

Very truly yours,

THE GOOGASIAN FIRM, P.C.

Thomas H. Howlett

THH/ch
Enclosures

# EXHIBIT 1

# EXHIBIT 2

Page 1 of 1

**Donna Witinko**

| | |
|---|---|
| From: | Donna Witinko |
| Sent: | Tuesday, February 24, 2009 3:17 PM |
| To: | 'sfx355@aol.com' |
| Cc: | Brian D. O'Keefe |
| Subject: | Joe Zada - report |
| Attachments: | Inter001 (39).pdf |

Sergei,

Attached is a report showing all of the money that you have provided to Joe since 1998. This report is based on the best information that we currently have. As you will note, the older timeframes are open since we were not provided records for these periods. This report also contains the monies that went to Joe from Bryan Turner and Alex Udodov but it does not contain any interest since without further information all of the interest is impossible to calculate.

Please review this report. When you have completed your review, please contact me to discuss. At this point, I have not sent the report to Joe since I want to talk to you about it before I do.

Brian

2/24/2009

## State/Federal Related Transactions

| DATE | PAYABLE TO | AMOUNT | EVIDENCE |
|---|---|---|---|
| 1/1/1997 - 12/31/1997 | Zada | 4,200,000.00 | Open |
| 1/1/1998 - 12/31/1998 | Zada | | Open |
| 1/1/1999 - 12/31/1999 | Zada | | Open |
| 1/1/2000 - 12/31/2000 | Zada | 10,800,000.00 | Open |
| 1/29/2001 | Zada | 498,000.00 | per WM/SS letter 03/22/02 |
| 3/22/2001 | Zada | 150,000.00 | per WM/SS letter 03/22/02 |
| 4/17/2001 | Zada Enterprises | 2,500,000.00 | per WM/SS letter 03/22/02 |
| 5/4/2001 | Zada Enterprises | 3,000,000.00 | per WM/SS letter 03/22/02 |
| 10/5/2001 | Zada Enterprises | 2,000,000.00 | per WM/SS letter 03/22/02 |
| 12/31/2001 | Zada Enterprises | 500,000.00 | per WM/SS letter 03/22/02 |
| 1/11/2002 | Zada Enterprises | 1,000,000.00 | per WM/SS letter 03/22/02 |
| 2/6/2002 | Zada Enterprises | 250,000.00 | per WM/SS letter 03/22/02 |
| 2/21/2002 | Zada Enterprises | 500,000.00 | per WM/SS letter 03/22/02 |
| 3/19/2002 | Zada Enterprises | 200,000.00 | per WM/SS letter 03/22/02 |
| 3/25/2002 | Zada Enterprises | 300,000.00 | per WM/SS letter 04/02/02 |
| 4/2/2002 | Zada Enterprises | 322,000.00 | per WM/SS letter 04/02/02 |
| 6/5/2002 | Zada | 2,000,000.00 | Bryan Turner wire |
| 6/7/2002 | Zada | 2,000,000.00 | Community Central Receipt |
| 7/1/2002 - 7/31/2003 | | 30,220,000.00 | Tentative amount |

## Personal Transactions

| DATE | PAYABLE TO | AMOUNT | |
|---|---|---|---|
| 8/7/2003 | Zada | 200,000.00 | |
| 10/16/2003 | Zada | 500,000.00 | |
| 10/28/2003 | Zada | 500,000.00 | |
| 11/12/2003 | Zada | 2,000,000.00 | |
| 12/10/2003 | Zada | 400,000.00 | |
| 4/6/2004 | Zada | 600,000.00 | |
| 4/30/2004 | Zada | 500,000.00 | |
| 7/23/2004 | Zada | 500,000.00 | |
| 8/11/2004 | Fedorov | (500,000.00) | |

00085158.XLS
Sheet1

2/24/2009

| DATE | PAYABLE TO | AMOUNT | EVIDENCE |
|---|---|---|---|
| 8/13/2004 | Fedorov | (50,000.00) | |
| 8/16/2004 | Fedorov | (25,000.00) | |
| 8/17/2004 | Fedorov | (25,000.00) | |
| 9/15/2004 | Fedorov | (100,000.00) | |
| 11/8/2004 | Fedorov | (30,000.00) | |
| 11/22/2004 | Fedorov | (50,000.00) | |
| 3/7/2005 | Fedorov | (20,000.00) | |
| 3/16/2005 | Fedorov | (100,000.00) | |
| 3/28/2005 | Fedorov | (50,000.00) | |
| 4/14/2005 | Fedorov | (40,000.00) | |
| 4/29/2005 | Fedorov | (35,000.00) | |
| 5/26/2005 | Fedorov | (35,000.00) | |
| 6/20/2005 | Fedorov | (25,000.00) | |
| 6/29/2005 | Fedorov | (40,000.00) | |
| 7/7/2005 | Fedorov | (50,000.00) | |
| 8/17/2005 | Fedorov | (20,000.00) | |
| 9/29/2005 | Fedorov | (20,000.00) | |
| 12/30/2005 | Zada | 250,000.00 | |
| 4/25/2006 | Zada | 50,000.00 | |
| 5/1/2006 | Zada | 300,000.00 | |
| 5/11/2006 | Zada | 100,000.00 | |
| 6/19/2006 | Zada | 54,000.00 | |
| 8/16/2006 | Zada | 50,000.00 | |
| 9/11/2006 | Zada | 25,000.00 | |
| 10/18/2006 | Zada | 35,000.00 | |
| 11/13/2006 | Zada | 60,000.00 | |
| 11/27/2006 | Zada | 40,000.00 | |
| 11/28/2006 | Zada | 110,000.00 | |
| 12/13/2006 | Zada | 200,000.00 | |
| 12/20/2006 | Zada | 80,000.00 | |
| 12/21/2006 | Zada | 200,000.00 | |
| 1/12/2007 | Zada | 200,000.00 | |
| 2/5/2007 | Zada | 100,000.00 | |
| 2/5/2007 | Zada | 100,000.00 | |

00085158.XLS
Sheet1

2/24/2009

| DATE | PAYABLE TO | AMOUNT | EVIDENCE |
|---|---|---|---|
| 2/20/2007 | Zada | 200,000.00 | |
| 4/2/2007 | Zada | 150,000.00 | |
| 4/11/2007 | Zada | 160,000.00 | |
| 4/12/2007 | Zada | 140,000.00 | |
| 4/18/2007 | Zada | 200,000.00 | |
| 5/29/2007 | Zada | 150,000.00 | |
| 5/29/2007 | Zada | 350,000.00 | |
| 7/10/2007 | Zada | 100,000.00 | |
| 11/30/2007 | Zada | 40,000.00 | |
| 12/20/2007 | Zada | 200,000.00 | |
| 1/11/2008 | Zada | 200,000.00 | |
| 1/23/2008 | Zada | 50,000.00 | |
| 2/1/2008 | Zada | 50,000.00 | |
| 2/5/2008 | Gellasla Ltd. wire transfer to Credit Suisse | 200,000.00 | added 1/5/09 |
| 2/8/2008 | Zada | 35,000.00 | |
| 2/14/2008 | Zada | 10,000.00 | |
| 2/22/2008 | Zada | 35,000.00 | |
| 2/25/2008 | Zada | 100,000.00 | |
| 3/7/2008 | Zada | 80,000.00 | |
| 3/17/2008 | Zada | 80,000.00 | |
| 3/21/2008 | Zada | 150,000.00 | |
| 3/27/2008 | Zada | 50,000.00 | |
| 4/3/2008 | Zada | 100,000.00 | |
| 4/4/2008 | Zada | 35,000.00 | |
| 4/8/2008 | Zada | 50,000.00 | |
| 4/10/2008 | Zada | 100,000.00 | |
| 4/17/2008 | Zada | 68,000.00 | |
| 7/22/2008 | Zada | 300,000.00 | |
| 9/2/2008 | Zada | 10,000.00 | |
| 10/15/2008 | Zada | 7,000.00 | |
| 10/21/2008 | Zada | 100,000.00 | |
| 10/21/2008 | Peoples State Bank (check #3835) | | |
| 10/24/2008 | Comerica Bank (wire transfer) | 3,000.00 | |

00085158.XLS
Sheet1

2/24/2009

| DATE | PAYABLE TO | AMOUNT | EVIDENCE |
|---|---|---|---|
| 10/24/2008 | Peoples State Bank (check #3836) | 150,000.00 | |
| 10/31/2008 | Comerica Bank (wire transfer) | 4,000.00 | |
| 11/15/2008 | Citizens Bank (check #3847) | 127,893.31 | |
| 11/21/2008 | Comerica Bank (wire transfer) | 15,000.00 | |
| 11/26/2008 | Check written to Cash picked up by Ray Crawford | 9,000.00 | |
| 12/1/2008 | Comerica Bank (wire transfer) | 30,000.00 | |
| 12/3/2008 | Peoples State Bank (check #3892) | 70,000.00 | |
| 12/4/2008 | Sterling Bank (wire transfer) | 55,000.00 | |
| 12/4/2008 | Comerica Bank (wire transfer) | 10,000.00 | |
| 12/12/2008 | Sterling Bank (wire transfer) | 95,000.00 | |
| 12/12/2008 | Comerica Bank FBO Michelle Amato (wire transfer) | 11,000.00 | |
| 1/5/2009 | Gellasia Ltd. wire transfer to Credit Suisse | 2,000.00 | |
| 1/16/2009 | Comerica Bank (wire transfer) | 40,000.00 | |
| 2/6/2009 | Cash loan from Fedorov Foundation | 30,000.00 | |
| | | 10,330,893.31 | |
| 5/29/2007 | Alexander Udodov Promissory Note | 1,000,000.00 | 2/24/2009 |

00085158.XLS
Sheet1

| DATE | PAYABLE TO | AMOUNT | EVIDENCE |
|---|---|---|---|
| 6/4/2007 | Alexander Udodov Promissory Note | 2,000,000.00 | |
| | Zada | 30,220,000.00 | Standard Federal related transactions |
| | | 10,330,893.31 | Private Bank related transactions |
| | Promissory Note | 3,000,000.00 | Udodov Promissory Notes |
| | Total of Udodov Notes | 43,550,893.31 | |

00085158.XLS
Sheet1

2/24/2009