UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SERGEI FEDOROV,

         Plaintiff,

vs.

HYMAN LIPPITT, P.C., DOUGLAS A.
HYMAN,  NORMAN L. LIPPITT, and
BRIAN D. O'KEEFE,

         Defendants.

Case No. 2:09-cv-14077-DPH-VMM

Honorable Denise Page Hood

Mag. Judge Virginia Morgan

---

**PLAINTIFF SERGEI FEDOROV'S
MOTION TO STRIKE DEFENDANTS' NOTICE OF NONPARTY FAULT**

Plaintiff Sergei Fedorov, by and through his attorneys, The Googasian Firm, P.C., respectfully submits this motion for an order striking Defendants' Notice of Nonparty Fault:

1.     Plaintiff is asking the Court to enter an order striking Defendants' notice of nonparty fault.

2.     As fully outlined in Plaintiffs' brief in support of this motion, the Court must enter an order striking Defendants' notice of nonparty fault because the notice of nonparty fault is fatally deficient.  Specifically, the statutes upon which Defendants rely do not apply in this case, the notice does not relate to the causes of action alleged as required by Michigan law, and the notice is premature  and procedurally and substantively defective.

3.     In accordance with L.R. 7.1, on March 12, 2010, Plaintiffs sought to confer with Defendants' attorneys to seek concurrence for the relief requested in this motion, but concurrence was not obtained.

WHEREFORE, and as fully outlined in Plaintiff's brief in support, Plaintiff respectfully requests that the Court enter an order striking Defendants' notice of nonparty fault.

Respectfully submitted,

THE GOOGASIAN FIRM, P.C.

By /s/ Dean M. Googasian
    George A. Googasian  (P14185)
    Thomas H. Howlett (P57346)
    Dean M. Googasian (P53995)
Attorneys for Plaintiff
6895 Telegraph Road
Bloomfield Hills, MI  48301-3138
248/540-3333
E-mail: thowlett@googasian.com
        dgoogasian@googasian.com

Dated: March 12, 2010

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SERGEI FEDOROV,

        Plaintiff,

vs.

HYMAN LIPPITT, P.C., DOUGLAS A.
HYMAN,  NORMAN L. LIPPITT, and
BRIAN D. O'KEEFE,

        Defendants.

Case No. 2:09-cv-14077-DPH-VMM

Honorable Denise Page Hood

Mag. Judge Virginia Morgan

---

**BRIEF IN SUPPORT OF
PLAINTIFF SERGEI FEDOROV'S
MOTION TO STRIKE DEFENDANTS'
NOTICE OF NONPARTY FAULT**

Submitted by:
THE GOOGASIAN FIRM, P.C.
George A. Googasian  (P14185)
Thomas H. Howlett (P57346)
Dean M. Googasian (P53995)
Attorneys for Plaintiff
6895 Telegraph Road
Bloomfield Hills, MI  48301-3138
248/540-3333
E-mail: thowlett@googasian.com
dgoogasian@googasian.com

Dated: March 12, 2010

**<u>TABLE OF CONTENTS</u>**

<u>Page</u>

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Concise Statement of Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Controlling or Most Appropriate Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.  Hyman Lippitt  Represented Both  Fedorov and Zada, Who Was Procuring
    Tens Of Millions Of Dollars From  Fedorov For Purported Private, Foreign
    Investments That Did Not Exist. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.  Hyman Lippitt Knew Zada Was Not A Foreign Investor, And Aided And
    Abetted Zada's Breach Of Fiduciary Duty And Other Tortious Conduct . . . . . . . 2

    C.  Plaintiff's Complaint Alleges Causes Of Action for Malpractice, Breach of
    Fiduciary Duty, and Aiding and Abetting Breach of Fiduciary Duty Against
    Hyman Lippitt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    D.  Defendants Initially Contended That No Notice Of Nonparty Fault Was
    Required To Be Filed by Them . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    E.  Reversing Course, Defendants File A  "MCR 2.112K Notice Of Non-Party
    Fault" On The Eve Of Argument On Their Motion To Dismiss . . . . . . . . . . . . . 3

III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.  The Nonparty Fault Statutes Do Not Apply To This Case. . . . . . . . . . . . . . . . . 5

    B.  The Notice Fails To Address The Cause Of Action Alleged In The Case And
    Therefore Must Be Stricken. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    C.  The Notice Would Conflict With Claims For Aiding And Abetting A Breach Of
    Fiduciary Duty . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    D.  The Notice Is Fundamentally Flawed Because It Fails To Allege Any Facts,
    And Hyman Lippitt Failed Its Obligation Under MCL 600.2960 To Allege
    And Prove The Nonparties Are At Fault . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

-i-

E.    The Notice Is Premature . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## INDEX OF AUTHORITIES

**Page**

*American Home Mortgage Acceptance, Inc. v. The Appraisal Place,*
476 F. Supp. 2d 636 (E.D. Mich. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v,10-12,15,17

*Bush v. Shabahang*, 484 Mich 156, 160-61 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Comm'r of Internal Revenue v. Estate of Bosch,* 387 U.S. 456 (1967) . . . . . . . . . . . . . . . . . . . 7

*Hayes-Albion v Kuberski*, 421 Mich 170, 187 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Holton v. A+ Insurance Associates, Inc.*, 255 Mich. App. 213 (2003) . . . . . . . . . . . . . v,9-12,15

*In re NM Holdings Co, LLC*, 405 B.R. 830, 846 (Bankr. ED Mich 2008) . . . . . . . . . . . . . . 8,14

*In re NM Holdings Co., LLC*, 411 B.R. 542, 551-51 (Bankr. E.D. Mich 2009) . . . . . . . . . . 13-14

*Jones v. Intertel*, 254 Mich. App. 258, 260 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kaiser v. Allen*, 480 Mich. 31 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*Kingsley Associates, Inc. v. Moll PlastiCrafters, Inc.*, 65 F. 3d 498 (1995) . . . . . . . . . . . . . . 16

*Kmart Corporation v Logan,* Case No. 99-011841-CZ (Oakland County Circuit Ct) . . . . . . . . 6

*Kopp v. Zigich*, 268 Mich. App. 258 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lamp v. Reynolds*, 249 Mich. App. 591, 599 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*L.A. Young Spring & Wire Corp. v. Falls*, 307 Mich. 69 (1943) . . . . . . . . . . . . . . . . . . . . . . 14

*Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F3d 398 (6th Cir. 2007) . . . . . . . . . . . . . . . . . 7

*Prentice Cas. Co. v Mich. Mut. Ins. Co.*, 99 F.3d 1340, 1348 (6th Cir. 1996) . . . . . . . . . . . . . . 7

*Prime Financial Services v. Vinton*, 279 Mich. App. 245 (2008) . . . . . . . . . . . . . . . . . . . . . . 14

*PSA Quality Systems (Toronto), Inc. v Sutcliffe*,
256 F.Supp.2d 698, 703 (E.D. Mich. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Romain v. Frankenmuth Mutual Insurance Co.*, 483 Mich 18 (2009) . . . . . . . . . . . . . . . 7-9,11,15

*Rutherford v. Columbia Gas*, 575 F.3d 616, at 620 (6th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . 7

*Snyder v. Advantage Health Phys.*, 281 Mich. App. 493, 500 (2008) . . . . . . . . . . . . . . . . . . 3,16

*Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565 (6th Cir. 2008) . . . . . . . . . . . . . . . . . . 19


MCL 600.2956 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6,9
MCL 600.2957 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v,5,9,18
MCL 600.2960 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v,15
MCL 600.6304 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Fed. R. Civ. P. Rule 7(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
Fed. R. Civ. P. Rule 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

MCR 2.110(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
MCR 2.112(K) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17-18
MCR 2.112(K)(3)(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
MCR 2.112(K)(3)(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18-19

## Concise Statement of Issues Presented

A.    Should the Court enter an order striking Defendants' notice of nonparty fault filed pursuant to Michigan's nonparty fault statutes when those statutes are limited by their own terms to "action[s] based upon tort or another legal theory seeking damages for personal injury, property damage, or wrongful death," (*see* MCL 600.2957) and this is not such an action because there is no personal injury, property damage, or wrongful death involved?

      Plaintiff answers:    Yes
      Defendants answer:  No

B.    Should the Court enter an order striking Defendants' notice of nonparty fault when nonparty fault applies only to the cause of action alleged in the case, not the underlying causes, (*see Holton v. A+ Insurance Associates, Inc.*, 255 Mich. App. 213 (2003) and *American Home Mortgage Acceptance, Inc. v. The Appraisal Place*, 476 F. Supp. 2d 636 (E.D. Mich. 2006)) and to the extent there is fault "alleged" in Defendants' notice, the fault is not related to the cause of action alleged in the Complaint?

      Plaintiff answers:    Yes
      Defendants answer:  No

C.    Should the Court enter an order striking Defendants' notice of nonparty fault when, in those instances where the nonparty fault statutes actually apply, Michigan law requires the party issuing the notice to allege that the nonparty owed a legal duty, breached the duty, and caused the damages alleged in the complaint (*see* MCL 600.2960), and Defendants' notice fails quite literally to allege any legal duty, or any actual facts that could either be proven or disproved?

      Plaintiff answers:    Yes
      Defendants answer:  No

D.    Should the Court enter an order striking Defendants' notice of nonparty fault where the notice can only by filed *after* a responsive pleading, and Defendants have failed to file any responsive pleading in this case?

      Plaintiff answers:    Yes
      Defendants answer:  No

## Controlling or Most Appropriate Authority

*Romain v. Frankenmuth Mutual Insurance Co.*, 483 Mich 18 (2009)

*Rutherford v. Columbia Gas*, 575 F.3d 616, at 620 (6th Cir. 2009)

*Kaiser v. Allen*, 480 Mich. 31 (2008)

*Holton v. A+ Insurance Associates, Inc.*, 255 Mich. App. 213 (2003)

*American Home Mortgage Acceptance, Inc. v. The Appraisal Place*, 476 F. Supp. 2d 636 (E.D. Mich. 2006)

MCL 600.2956

MCL 600.2957

Mich. Ct. R. 2.112(K)

Plaintiff Sergei Fedorov ("Fedorov"), by and through his attorneys, The Googasian Firm, P.C., respectfully submits this brief in support of his motion to strike the notice of nonparty fault filed by Defendants Hyman Lippitt, P.C., Douglas Hyman, Norman Lippitt, and Brian O'Keefe (collectively referred to below as "Hyman Lippitt").

## I.  INTRODUCTION

The Court must enter an order striking Defendants' notice of nonparty because the notice of nonparty fault is fatally deficient.  Specifically, the statutes upon which Hyman Lippitt relies do not apply in this case, the notice does not relate to the causes of action alleged as required by Michigan law, the notice is procedurally and substantively defective, and the notice is premature.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

**A.      Hyman Lippitt  Represented Both  Fedorov and Zada, Who Was Procuring Tens Of Millions Of Dollars From  Fedorov For Purported Private, Foreign Investments That Did Not Exist.**

At all relevant times, Hyman Lippitt has represented itself to clients and the public to be a law firm with a sophisticated business practice, specifically including extensive experience in securities regulation and compliance (including Investment Adviser Act compliance), participation in private placements on behalf of domestic and foreign issuers, and "offshore" investments.  Dkt. 1, Compl., ¶¶ 11-23.

From at least 2001 to mid-2009, both  Fedorov and Joseph Zada ("Zada") were clients of Hyman Lippitt. *Id.*, ¶¶ 26, 39.  Zada introduced Fedorov, an internationally renowned professional hockey player,  to Hyman Lippitt and literally brought him to the firm. *Id.*, ¶¶  41-42.

After procuring Fedorov as a client, Hyman Lippitt proposed to take over representation of Fedorov's complete legal affairs and provided legal representation to Fedorov in all matters,

including, but not limited to, contracts, real estate, tax, estate planning, wire transfers of funds, and even paying bills, including its own, on his behalf. *Id.*, ¶ 45. On numerous occasions, using a power of attorney obtained from Fedorov, Hyman Lippitt signed documents and took other steps to effectuate wire transfers of large sums of money from Fedorov to Zada. *Id.*, ¶¶ 55-56.

During the time of its common representation of both Fedorov and Zada from 2001 to 2009, Hyman Lippitt knew that Fedorov was transferring tens of millions of dollars to Zada, who had represented that the money would be put into private, foreign investments. *Id.*, ¶ 62. But these investments were not real, and the tens of millions of dollars Fedorov entrusted to Zada are now missing. *Id.*, ¶ 2.

**B.   Hyman Lippitt Knew Zada Was Not A Foreign Investor, And Aided And Abetted Zada's Breach Of Fiduciary Duty And Other Tortious Conduct.**

From 2001 to 2009, Hyman Lippitt contemporaneously represented both Zada and Fedorov, and knew that Zada was not actually participating in private, foreign investments with the money provided to him by others. *Id.*, ¶ 29. Hyman Lippitt knew that Zada was not registered, authorized or licensed to make private, foreign investments on behalf of others. *Id.*, ¶ 30. The firm knew that numerous people (including Fedorov) asserted that Zada represented that he was putting their money into private, foreign investments in which he was involved. *Id.*, ¶ 32. The firm also knew that persons who had entrusted Zada with large sums of money later sued him and accused him of operating a "Ponzi scheme." *Id.*, ¶¶ 33-34, 123-24. The firm also knew that Zada had given multiple sworn statements in litigation in which Hyman Lippitt was involved about merely being a horse trainer without any investment advisor credentials. *Id.* Hyman Lippitt never disclosed to Fedorov what it knew about Zada. *Id.*, ¶¶ 2, 101-137.

**C.     Plaintiff's Complaint Alleges Causes Of Action for Malpractice, Breach of Fiduciary Duty, and Aiding and Abetting Breach of Fiduciary Duty Against Hyman Lippitt.**

Plaintiff's Complaint alleges causes of action against Hyman Lippitt for aiding and abetting breach of fiduciary duty by Zada. Dkt, 1, ¶¶ 138-144. The Complaint also alleges that Hyman Lippitt owed fiduciary duties of its own to Fedorov and breached its own fiduciary duties to Fedorov. *Id.*, ¶¶ 145- 149. A final count is contained in the Complaint alleging that Hyman Lippitt committed attorney malpractice in its representation of Fedorov. *Id.*, ¶¶ 150- 155.

**D.     Defendants Initially Contended That No Notice Of Nonparty Fault Was Required To Be Filed by Them.**

Plaintiff filed suit in this matter on October 15, 2009. *Id.* Plaintiff stipulated to permit Defendants an extension until December 2, 2009 to file and serve "responsive pleadings." Dkt. 13. Defendants have never filed a responsive pleading. Instead, Defendants filed a motion to dismiss, arguing that the nonparty fault statutes apply to the causes of action alleged in the Complaint and that they were entitled to dismissal because of the existence of a contract judgment against Zada. Dkt. 14.

Plaintiff responded by pointing out numerous flaws in the motion, including that the nonparty fault statutes do not apply here and that even if they did, a notice of nonparty fault must be filed *before* the fault of a nonparty can be considered. Dkt. 19, at p. 11 ("[T]he trier of fact may not assess the fault of a nonparty unless the defendant has given timely notice of the nonparty fault claim." *quoting Snyder v. Advantage Health Phys.*, 281 Mich. App. 493, 500 (2008)). In response, Hyman Lippitt argued that it had not erred and that no notice of nonparty fault was required.

**E.     Reversing Course, Defendants File A "MCR 2.112K Notice Of Non-Party Fault" On The Eve Of Argument On Their Motion To Dismiss.**

-3-

Now, shortly before oral argument on their motion to dismiss, Defendants have filed a notice of nonparty fault after arguing that no notice of nonparty fault is required. Dkt. 26.  It is this notice, outlined below, that Plaintiff is asking the Court to now strike.

Defendants' notice attempts to name three individuals, Joseph Zada, Ray Crawford, and Christopher Olzem, as nonparties at fault.  The sum total of the "allegations" contained in the notice relating to Mr. Crawford are as follows:

> Defendants have no personal knowledge that would support a finding of fault against Mr. Crawford in this case. However, based on texts [sic] messages exchanged between Mr. Crawford and Mr. Fedorov, it appears Mr. Crawford may have been complicit in Ms. [sic] Zada's alleged scheme to defraud Mr. Fedorov.

Dkt. 26, p. 2. Defendants then expand on their two-sentence notice relating to Mr. Crawford, adding a third sentence to their "allegations" relating to Mr. Olzem:

> Defendants have no personal knowledge that would support a finding of fault against Mr. Olzem in this case. However, Mr. Fedorov has sued Mr. Olzem for fraud in connection with certain transactions involving Mr. Zada. To the extent these transactions are also at issue in this case and to the extent Mr. Fedorov's allegations of fraud are true, Mr. Olzem would be at fault for the losses caused by the fraud.

Dkt. 26, p. 2.

The entire five sentences of their "allegations" relating to Zada read:

> Defendants have no personal knowledge that would support a finding of fraud against Mr. Zada. However, Mr. Fedorov alleges that Mr. Zada breached fiduciary duties to him and committed fraud and other torts as part of a scheme to misappropriate money from Mr. Fedorov. In the instant case, Mr. Fedorov contends that Defendants should have warned Mr. Fedorov about Mr. Zada. Although Defendants deny that they had either a legal obligation or a factual basis for warning Mr. Fedorov about Mr. Zada's alleged scheme, Mr. Fedorov apparently has access to facts and law that indicate otherwise. To the extent such facts and law exist and are applicable to Mr. Fedorov's case against Defendants, Mr. Zada and not Defendants are at fault for some or all of Mr. Fedorov's losses.

Dkt. 26, p. 1.

## III. ARGUMENT

The Court should enter an order striking Defendants' notice of nonparty fault because the notice is fatally deficient and has no bearing here. Specifically, the statutes upon which Hyman Lippitt relies do not apply in this case, the notice does not relate to the causes of action alleged as required by Michigan law, the notice is procedurally and substantively defective, and the notice is premature.

### A.     The Nonparty Fault Statutes Do Not Apply To This Case.

The Court should strike Defendants' notice because the statutes authorizing notice of nonparty fault – MCL 600.2956 and MCL 600.2957 – do not apply to this case alleging attorney malpractice, breach of fiduciary duty and aiding and abetting Zada's breach of fiduciary duty. By their own terms, the nonparty fault statutes apply to cases "based on tort or another legal theory seeking damages for personal injury, property damage or wrongful death." MCL 600.2956 and 2957. This case does not allege a "tort . . . seeking recovery for personal injury, property damage, or wrongful death." *Id.* Instead, the Complaint seeks recovery for economic losses Fedorov suffered as a result of Hyman Lippitt's actions.

The plain meaning of this plain language is clear; it was not intended to apply to all torts, only those seeking damages for personal injury, property damage, or wrongful death. Indeed, the argument that Hyman Lippitt now makes was soundly criticized *by none other than Hyman Lippitt itself* in a prior lawsuit as an argument that could only be made by those who "ha[ve] obviously not read the statutes." This is what Hyman Lippitt has previously said in criticizing an attempt to apply the nonparty fault statute to a case in the manner that it now asks this Court to do:

Defendants now argue that the tort reform statute prohibits a finding of joint and several liability in this instance.

Defendants [sic] cites two (2) Michigan statutes which allegedly support his position. Defendants' [sic] initially cites MCL §600.2956 to stand for the proposition that the Revised Judicature Act eliminates joint liability in a variety of circumstances.

**Obviously, Defense counsel has not read the statutes he cites as MCL §600.2956 addresses actions based on tort or another legal theory seeking damages for personal injury, property damages, or wrongful death. . . .**

\* \* \*

**Plaintiff's action . . . is based on fraud, unjust enrichment, and civil conspiracy. . . . None of these causes of action are even addressed . . . and do not relate to actions seeking damages for personal injury, property damage, or wrongful death under tort or any other theory.**

**Defendants should be sanctioned for bringing this inappropriate motion as it is nothing more than a waste of the Court's time. . . . Defense counsel has obviously not read the statutes**.

Tab 1, Response to Motion For Declaratory Judgment, filed by Hyman Lippitt and Douglas Hyman in *Kmart Corporation v. Logan*, Case No. 99-011841-cz (Oakland County Circuit Court)(emphasis added). The statutory language is the same as it was when Hyman Lippitt made this argument, and it still compels a conclusion that the statutes only apply to claims for personal injury, property damage, or wrongful death, not all torts. Hyman Lippitt was correct in its previous argument and reading of the statute, and its effort now to invoke an argument that it previously described as sanctionable is incorrect, to say the least.

While cases from the Michigan Court of Appeals have suggested that this statutory language applies to all torts, as opposed to those torts "seeking recovery for personal injury, property damage, or wrongful death" as the statute says, this Court's duty is not to blindly follow decisions of an intermediate appellate court. As the Court is well aware, a federal court sitting in diversity has a

duty to apply the law as the Michigan Supreme Court would apply it:

> "[W]here a state's highest court has not conclusively ruled on an issue, the decisions of intermediate state courts, although entitled to "'some weight'" are "'not controlling.'" *Comm'r of Internal Revenue v. Estate of Bosch,* 387 U.S. 456 (1967). Instead, federal courts sitting in diversity are obliged to "predict" how the state's highest court would rule "by looking to 'all available data.'" *Prentice Cas. Co. v Mich. Mut. Ins. Co.,* 99 F.3d 1340, 1348 (6th Cir. 1996).

*Rutherford v. Columbia Gas,* 575 F.3d 616, at 620 (6th Cir. 2009).  The Michigan Supreme Court has not decided the issue. *See e.g., Mike's Train House, Inc. v. Lionel, L.L.C.,* 472 F3d 398 (6th Cir. 2007)(noting an open question whether the Michigan Supreme Court would apply the tort reform statutes to all torts, as opposed to only those torts involving personal injury, property damage, and wrongful death).

The Michigan Supreme Court, as reconstituted after the 2008 election, is presently correcting  a considerable amount of bad law created in Michigan during the last decade, specifically including  decisions relating to Michigan's tort reform statutes.    All available data shows a tremendous shift in the decisions of the Michigan Supreme Court away from the overbroad application of tort reform statutes such as that advocated by Hyman Lippitt here.  For example, in *Romain v. Frankenmuth Mutual Insurance Co.,* 483 Mich 18 (2009), the Michigan Supreme Court overruled a Michigan Court of Appeals decision giving broad application to the tort reform statutes[1] and drastically limited the nonparty fault statutes by ruling that a nonparty cannot be assigned fault unless it is demonstrated that the nonparty "owed a legal duty to the plaintiff."  483 Mich. at 22.

---

[1]The Michigan Supreme Court overruled *Kopp v. Zigich,* 268 Mich. App. 258 (2005), which had held that a notice of nonparty fault "does not require proof of a duty before fault can be apportioned and liability allocated."  483 Mich. at 20.  This, according to the Michigan Supreme Court, was bluntly "an incorrect statement of Michigan law."  *Id.*

There, the Michigan Supreme Court upheld a trial court order striking a notice of nonparty fault where the nonparty owed no legal duty to the plaintiff, holding "'a duty must first be proved before the issue of fault or proximate cause can be considered.'" *Id.* at 20, quoting *Jones v. Intertel*, 254 Mich. App. 258, 260 (2005).[2]

*Romain* is part of a ongoing series of recent decisions from the new majority on the Michigan Supreme Court that give narrow application as to when "tort reform" statutes can be applied to prevent plaintiffs from seeking redress for harm they have suffered. *See, e.g., Bush v. Shabahang*, 484 Mich 156, 160-61 (2009) (in 4-3 decision, court interprets tort-reform statute applicable to medical malpractice in a manner that is "in furtherance of justice").

Another prime example of a recent Michigan Supreme Court decision signaling a significant change can be found in *Kaiser v. Allen*, 480 Mich. 31 (2008), where the Michigan Supreme Court refused to apply the so-called tort reform statutes to a situation that is similar to the facts present here involving differing levels of liability:

> To the extent that joint and several liability principles have not been abrogated by statute, they remain the law in Michigan. In vicarious-liability cases, in which the latent tortfeasor's fault derives completely from that of the active tortfeasor, there can be no allocation of fault. The tort reform statutes do not apply to allocation of fault in vehicle-owner vicarious liability cases, because the fault is indivisible. Therefore, the common-law setoff rule remains the law in Michigan for vehicle-owner vicarious-liability cases.

*Id* at 35-36. As in *Kaiser*, the liability here has not been abrogated by statute. Michigan courts continue to recognize liability for aiding and abetting a breach of fiduciary duty. *See In re NM*

---

[2]Here as well and as outlined below, the notice lacks sufficient facts to establish that the nonparties owed any duty to Plaintiff and, because under *Romain* a court must strike a notice naming a nonparty where the notice fails to establish a duty owed by the nonparty, Defendants' notice must be stricken.

*Holdings Co, LLC*, 405 B.R. 830, 846 (Bankr. ED Mich 2008)(holding that aiding and abetting a breach of fiduciary duty is a cognizable claim under Michigan law and "[a] person who knows about a party's breach of fiduciary duty to a third party, and willingly and actively participates in the wrongdoing is jointly and severally liable to the third party"(quotation omitted)).

Consistent with *Romain* and *Kaiser*, the Court should conclude that the Michigan Supreme Court in its current configuration would apply the tort reform statutes narrowly and consistent with their language, holding that MCL 600.2956 and 600.2957 have no application here because the claims allege breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and attorney malpractice, and because this is not a case involving personal injury, property damage, or wrongful death.

**B.      The Notice Fails To Address The Cause Of Action Alleged In The Case And Therefore Must Be Stricken.**

The Court must strike Defendants' notice of nonparty fault because the notice fails to contain allegations relating to the cause of action alleged in the Complaint. Under Michigan law, to permit the consideration of fault of an entity not a party to a case, a notice of nonparty fault must narrowly relate to the cause of action alleged in the case and contain allegations demonstrating that the nonparty identified as at fault has some liability for the cause of action alleged in the Complaint – otherwise, a notice identifying the nonparty must be stricken. *See, e.g. Holton v. A+ Insurance Associates, Inc.*, 255 Mich. App. 318 (2003).[3]

---

[3]*Holton* correctly determined that a notice of nonparty fault must relate to the underlying cause of action in a case to which the statutes apply, but, as outlined above, incorrectly concluded that the statutes applied to "all torts" as opposed to those torts relating to "personal injury, property damage or wrongful death," under the plain language of the statute.

Here, Defendants are attempting to do precisely what the Michigan Court of Appeals ruled in *Holton* was not permissible under the nonparty fault rules – attempting to bring in fault of a nonparty that is unrelated to the cause of action alleged in the complaint. The plaintiffs in *Holton* were homeowners whose house burned down and who, when their insurance coverage was insufficient, filed suit against their insurance agent for negligence arising from the agent's failure to adequately protect them from the loss through insurance coverage. *Id*, at 319 and 324. The agent filed a notice of nonparty fault identifying those responsible for causing the fire (the owner and a contractor) as nonparties at fault in causing the damages at issue in the case. The plaintiff moved to strike the notice arguing, as here, that the fault alleged in the notice was not the same as the fault alleged in the complaint, and therefore could not be considered by the trier of fact. *Id.*, at 320-21. The Michigan Court of Appeals agreed with the plaintiff and struck the notice, holding that the notice must relate to the cause of action alleged (there, negligent failure to procure adequate insurance), not the underlying cause of the damages at issue. *Id.* at 325-26.

The Court in *American Home Mortgage Acceptance, Inc. v. The Appraisal Place*, 476 F. Supp. 2d 636 (E.D. Mich. 2006), followed this accurate application of Michigan law and struck a notice of nonparty fault identifying a nonparty as responsible for an underlying damage not related to the precise allegations in the complaint. The defendants in *American Home Mortgage* were real estate appraisers alleged to have negligently and fraudulently over-appraised a residential home, causing the plaintiff to issue a loan for greater than the value of the home and, upon default, to be undersecured because the value of the home was less than the debt owed. *Id.* at 638. The defendant appraisers filed notices identifying eight individuals – who were involved with the transactions and without whose involvement the purchase of the home would not have closed – as potentially at fault.

-10-

*Id.* The notice alleged that most of these individuals were part of a fraudulent scheme relating to the purchase of the property. *Id.* at 639. The plaintiff moved to strike the notice because the allegations related to cause for the entire transaction – the purchase of the home – not the precise cause of action alleged in the complaint relating to the flawed appraisals. *Id.* at 641-644. In striking the notice, the Court emphasized:

> under Michigan law, as pronounced in *Holton v. A+ Insurance Associates, Inc.,* 255 Mich. App. 318 (2003), **non-party fault principles apply only to the cause of action alleged in the case and not to the underlying cause**[.]

476 F. Supp. 2d at 641 (emphasis added). To the Court in *American Home Mortgage*, it did not matter that the nonparties were alleged in the notice to have been involved in a fraudulent scheme relating to the property, because the allegations did not relate to the cause of action alleged in the Complaint. *Id.* The result must be the same here, and the Court must strike Hyman Lippitt's notice of nonparty fault.

Here, Plaintiff has alleged that Defendants are liable for attorney malpractice, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty by Zada. Defendants' notice of nonparty fault has no application to these claims because the notice does not relate to any liability of any nonparty for these claims. Indeed, none of the nonparties identified in the notice are even attorneys.

Plaintiff's Complaint alleges that Defendants committed malpractice, that is, that they owed a duty of care to Fedorov and that they breached their duty of care in representing him. Dkt. 1, ¶¶ 150-55. Here, Hyman Lippitt is the only party that owed Fedorov a duty as his attorney and it is Hyman Lippitt, not Zada or anyone else, who is potentially responsible for legal malpractice and attorney negligence. There can be no liability – and no fault – in absence of a duty. *Romain,* 483

Mich at 22. The Michigan Supreme Court has held that a nonparty cannot be assigned fault unless it is demonstrated that the nonparty "owed a legal duty to the plaintiff." 483 Mich. at 22. The nonparty fault statutes cannot create a duty of care for Zada to act as a prudent attorney where he owed no such duty before. *Holton*, 255 Mich. App. at 325. ("[T]he adoption of a comparative negligence doctrine does not act to create negligence where none existed before. In an action for negligence, a defendant may not be held liable where there is not a prima facie showing of (1) a duty, (2) breach of that duty, (3) causation, and (4) damages.") (citations omitted). Here, Hyman Lippitt – not Zada, Crawford or Olzem – is the only party responsible for legal malpractice and attorney negligence. The notice must be struck with respect to this count because no duty is owed.

The notice likewise fails with respect to the remaining claims for Hyman Lippitt's breach of fiduciary duty and aiding and abetting Zada's breach of fiduciary duty. Only Hyman Lippitt – not Zada, Crawford or Olzem – is responsible for Hyman Lippitt's fiduciary duty. Neither Zada, nor Crawford nor Olzem owed Fedorov Hyman Lippitt's fiduciary duty, which is what Fedorov alleges Hyman Lippitt breached in Count 2 of the Complaint. Dkt. 1, ¶¶ 145-49. Hyman Lippitt was bound by contract to exercise Hyman Lippitt's fiduciary duty to Fedorov and although Zada had fiduciary duties of his own, he had no obligation to fulfill Hyman Lippitt's fiduciary duty. In the same manner, the notice also fails with respect to Count II, which seeks to hold Hyman Lippitt liable for its actions in aiding and abetting Zada's breach of fiduciary duty. It is axiomatic that a party cannot aid and abet itself. Only Hyman Lippitt, not Zada, Crawford or Olzem is alleged here to be responsible for aiding and abetting Zada's breach of his own fiduciary duty. *Id.*, ¶¶ 138-144.

Put another way, permitting Defendants' notice to remain and allowing the trier of fact to consider the fault of the non-parties named would, as the Court held in *American Home Mortgage*,

-12-

result in a violation of the 100% principle inherent in Michigan's comparative fault system:

> **The basis of the nonparty fault statutes is that 100% of liability is apportioned among the tortfeasors sharing fault for a particular harm or injury alleged in a complaint. Where more than one cause of action or type of liability exists, these statutes cannot apply because what would result is more than 100% liability.** Under the comparative fault negligence doctrine, negligence is measured in terms of percentage, and any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage, or death recovery is sought. Hence, comparative negligence serves to allocate damages between two or more parties at fault in causing harm. The amount of fault allocated to each responsible party should total 100%. . . . . **If this Court follows the Defendants' argument and allows one cause of action to effectively encompass two separate torts . . . the total of assigned fault would exceed 100%. Exactly how could a court instruct a jury to make a proper allocation totaling 100% when the legal measures of the damages of the defendants and non-parties are different?**

476 F. Supp. 2d at 643-44 (emphasis added).  Here, *only* Hyman Lippitt can be 100% responsible for its attorney negligence, its own breach of fiduciary duty, and its own aiding and abetting Zada's breach of his fiduciary duties.  Dkt. 1.  To allow the notice of nonparty fault to remain would result in a finding of fault exceeding 100%, which is an untenable result.

**C.     The Notice Conflicts With Claims For Aiding And Abetting A Breach Of Fiduciary Duty.**

Permitting Defendants' notice to remain and to enable the trier of fact to place a portion of Hyman Lippitt's blame on a nonparty would be in conflict with the cause of action for aiding and abetting a breach of fiduciary duty available under Michigan law.  The Complaint alleges, among other things, that Hyman Lippitt aided and abetted Zada's breaches of fiduciary duty.  Dkt. 1, ¶¶ 138-44.  Aiding and abetting a breach of fiduciary duty remains a valid claim under Michigan law, despite the passage of the so-called tort reform statutes.  *See Compl.; see, e.g., In re NM Holdings Co., LLC*, 411 B.R. 542, 551-51 (Bankr. E.D. Mich 2009)(Battani, J.); *Hayes-Albion v Kuberski*, 421

Mich 170, 187 (1985); *Prime Financial Services v. Vinton*, 279 Mich. App. 245 (2008); *PSA Quality Systems (Toronto), Inc. v Sutcliffe*, 256 F.Supp.2d 698, 703 (E.D. Mich. 2003)("Michigan courts are willing to impose third party liability for unjust enrichment upon those who knowingly participate in a fiduciary's breach of duty and receive a benefit").

> As the Bankruptcy Court for the Eastern District of Michigan recently held:
>
> Aiding and abetting a breach of fiduciary duty is a separate and distinct claim from a malpractice claim. It has different elements. . . . By contrast, the elements of a claim for aiding and abetting breach of fiduciary duty are: (1) a breach of fiduciary duty by a person; (2) knowledge by the defendant of the other person's breach of fiduciary duty; (3) substantial assistance or encouragement by the defendant of the to the person breaching the fiduciary duty; and (4) resulting harm." *Id* at 846, citing *L.A. Young Spring & Wire Corp. v. Falls*, 307 Mich. 69 (1943). **"A person who knows about a party's breach of fiduciary duty to a third party, and willingly and actively participates in the wrongdoing is jointly and severally liable to the third party."** *Id.*

*In re NM Holdings Co, LLC*, 405 B.R. 830 (Bankr. ED Mich 2008)(emphasis added), *aff'd, In re NM Holdings Co., LLC*, 411 B.R. 542 (2009). It is axiomatic that there must be a breach of fiduciary duty in order for one to be held to have aided and abetted that breach of fiduciary duty. *See, e.g., Prime Financial Services*, 279 Mich. App. at 277. Accordingly, not only are allegations against Zada *not* an excuse for Defendants, they are a necessary element in the claim against Defendants. *See id* (identifying as the first element in an aiding and abetting claim a breach of fiduciary duty by another). To permit Hyman Lippitt to place a share of the percentage of blame on Zada, Crawford or Olzem for Hyman Lippitt's own actions in aiding and abetting Zada's breaches of his fiduciary duty would conflict with this cause of action, something the Court is not empowered to do.

**D.      The Notice Is Fundamentally Flawed Because It Fails To Allege Any Facts, And Hyman Lippitt Failed Its Obligation Under MCL 600.2960 To Allege And Prove The Nonparties Are At Fault.**

As outlined above, the nonparty fault statutes do not apply, and even if the statutes applied to the causes of action alleged in Plaintiff's Complaint, the notice of nonparty fault must be struck because it allege nothing meaningful or of substance.

Even if the statute applied and the notice could function generally, Hyman Lippitt's notice would still be fundamentally flawed and require striking because it fails to allege any facts or to provide any allegations forming the basis for liability for the damages alleged in the Complaint. Michigan law is clear that a defendant seeking to lessen its own liability blaming another must allege and prove that the other person's conduct was a proximate cause of the damages. *See American Home Mortgage Acceptance,* 476 F. Supp. 2d at . "A defendant that attempts to mitigate his liability through a comparative fault defense has the burden of alleging and proving that another person's conduct was a proximate cause of the plaintiff's damages." *Lamp v. Reynolds*, 249 Mich. App. 591, 599 (2002).

Under MCL 600.2960, Defendants bear the burden of alleging and proving the nonparties are at fault for the damages claimed in the action: "The person seeking to establish fault under sections 2957 to 2959 has the burden of *alleging* and proving that fault." MCL 600.2960 (emphasis added). A "defendants' failure to identify any wrongful conduct by third parties" is fatal to a notice of nonparty fault. *Holton*, 255 Mich. App. at 326. A two, or three or five sentence notice that contains no facts is not an allegation, it is a guess.

In *Romain*, the Michigan Supreme Court upheld the striking of a notice of nonparty fault where the Defendant who filed the notice of nonparty fault failed to establish that the nonparty owed any duty. 483 Mich. at 21-22. A common law negligence claim requires proof of (1) duty; (2) breach of that duty; (3) causation, both cause in fact and proximate causation; and (4) damages.

-15-

Defendants' notice contains literally none of this information with regard to any of the nonparties. It contains no allegation of duty, no explanation of any breach of that duty no attempt to allege any fact at all, let alone anything establishing cause in fact and proximate cause, or damages. Dkt. 26.

Indeed, the notice asserts that neither Hyman Lippitt, nor any of its lawyers have any personal knowledge whatsoever relating to any breach by Zada, Crawford or Olzem. *Id.* Certainly, before filing a notice of nonparty fault, some investigation must have been undertaken to determine the facts of which each of the Defendants were aware, including Hyman Lippitt, which is charged with knowledge of the facts known to its employees as well as those facts contained in the documents in its files. *See Kingsley Associates, Inc. v. Moll PlastiCrafters, Inc.*, 65 F. 3d 498 (6th Cir. 1995)(under Michigan law, a corporation is deemed to be charged with knowledge possessed by its employees, officers and agents). Indeed, this would appear to be precisely the type of investigation that Rule 11 requires be done before submitting a filing in a federal court. *See* Dkt. 25, p. 7.

Hyman Lippitt and its lawyers were obligated to exercise reasonable diligence to discover facts prior to the filing of the notice. *Snyder v. Advantage Health Phys*, 281 Mich. App. 493, 505 (2008). Although the rule does not define reasonable diligence, the Michigan Court of Appeals has ruled it to mean "a fair degree of diligence expected from someone of ordinary prudence under circumstances like those at issue." *Id.* at 502 (quotation omitted). A party is not reasonably diligent when the party conducts no investigation into the role the nonparty played. *Id.* at 504. Surely, in the additional time they were given to file the responsive pleading which they have never filed or in the interim since they filed their motion to dismiss, Defendants could have undertaken some sort of inquiry. Defendants might perhaps have reviewed their files with regard to their own representation of Mr. Fedorov, or the files relating to their representation of Mr. Zada in the multiple lawsuits in

which he was accused of committing fraud,[4] or counsel might have spoken with Defendants, or gathered facts known by other corporate employees and agents.   Based upon the absence of any factual basis, as well as the statement that the attorneys involved and the law firm lack any personal knowledge whatsoever (and discovery will reveal what tortured definition was given to the term "personal knowledge" to enable such a statement under Fed. R. Civ. P. Rule 11), Defendants and their counsel did none of this reasonable diligence.   A notice which alleges nothing can result in proving nothing, and therefore this notice must be stricken.

**E.      The Notice Is Premature.**

Defendants' notice is premature and must be stricken because the notice can only be filed *after* Defendants file a responsive pleading.   Rule  2.112(K) of the   Michigan Court Rules specifically requires a defendant such as Hyman Lippitt seeking to place blame on a nonparty to file a notice of nonparty fault that identifies the nonparty alleged to be at fault for the personal injury or property damage and explains the basis for the alleged liability. *See* MCR 2.112(K); *see also American Home Mortgage Acceptance,* 476 F.Supp.2d at 649 (quoting  MCR  2.112(K)). Specifically, MCR 2.112(K), which is controlling law on this issue, states in pertinent part:

> (2) *Notice Requirement.*   Notwithstanding MCL 600.6304, **the trier of fact shall not assess the fault of a nonparty unless notice has been given as provided in this subrule.**

> (3) *Notice.*
>    (a) A party against whom a claim is asserted may give notice of a claim that a nonparty is wholly or partially at fault.   A notice filed by one party identifying a particular nonparty serves as notice by all parties to that nonparty.
>    (b) The notice shall designate the nonparty . . . ., together with a brief statement of

---

[4]Defendants did apparently read some text messages sent by or to Mr. Crawford. *See* Dkt. 26, p. 2. Why they did not take this step in relation to Mr. Zada's documents in their possession is not clear.

the basis for believing the nonparty is at fault.

     (c) **The notice must be filed within 91 days after the party files its first responsive pleading.** . . .

MCR 2.112(K) (emphasis added).

     In what has become yet another in a series of missteps in its erroneous attempt to apply MCL 600.2957, and other so-called tort reform statutes in this case, Hyman Lippitt has again failed to comply with the very laws it asks the Court to follow.   Michigan law is clear that a notice of nonparty fault must be filed before a court can consider the fault of a nonparty.   Contrary to this binding precedent, Hyman Lippitt did not file a notice of nonparty fault prior to asking the Court to apply the tort reform statutes. *See* Dkt. 14.   After Plaintiff pointed out that this defect required the dismissal of the motion (and that Plaintiffs would likely seek to strike the notice)(*see* Dkt. 19), Defendants vehemently denied any obligation to file a notice of nonparty fault, attempting to sidestep this oversight by calling the laws "procedural" while ignoring binding precedent that the law was substantive and must be followed by this Federal Court.

     Ultimately conceding that they were wrong, Defendants then filed their notice on the eve of the hearing on their motion to dismiss. But Defendants have again failed to comply with the very provisions they contend entitle them to some relief.   Defendants filed their notice identifying "MCR 2.112K" but they failed to comply with MCR 2.112K, which states that the notice is to be filed *after* Defendants file their responsive pleading.   MCR 2.112K provides: "the trier of fact shall not assess the fault of a nonparty unless notice has been given as provided in this subrule."   MCR 2.112(K)(3)(b).   The rule goes on to provide "[t]he notice must be filed within 91 days *after* the party files its first responsive pleading." MCR 2.112(K)(3)(c)(emphasis added).

-18-

But the notice was not filed *after* a responsive pleading because Defendants have not filed a responsive pleading. Under a stipulation between the parties, Defendants were given until December 2, 2009 to file a responsive pleading. *See* Dkt. 13 (providing an extension to permit Defendants to file their "responsive pleadings"). Instead of filing a responsive pleading, however, they filed a motion to dismiss. A motion to dismiss is not a responsive pleading. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565 (6th Cir. 2008)( "A motion to dismiss is not considered a responsive pleading under Rule 15(a).") The Federal Rules of Civil Procedure define pleadings to include a complaint, an answer to a complaint, an answer to a counterclaim or a cross claim, or a third party complaint, or a reply to an answer. Fed. R. Civ. P. Rule 7(a).[5] A motion to dismiss is not a responsive pleading and a responsive pleading (here the simple answer) must be filed before Defendants may attempt to file a notice of nonparty fault. *See* MCR 2.112(K)(3)(c). Accordingly, the notice is procedurally flawed and must be stricken.

## IV.  CONCLUSION

For the foregoing reasons, this Court should enter an order striking Hyman Lippitt's notice of nonparty fault.

---

[5]The same is true under the Michigan Court Rules, which define "pleading" to include an answer to a complaint, cross-claim, counter claim or third party complaint as well as a reply to an answer, and state that "no other form of pleading is allowed." MCR 2.110(A).

Respectfully submitted,
THE GOOGASIAN FIRM, P.C.

By /s/ Dean M. Googasian
    George A. Googasian  (P14185)
    Thomas H. Howlett (P57346)
    Dean M. Googasian (P53995)
Attorneys for Plaintiff
6895 Telegraph Road
Bloomfield Hills, MI  48301-3138
248/540-3333
E-mail: thowlett@googasian.com
       dgoogasian@googasian.com

Dated: March 12, 2010


## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2010, I electronically field the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

               /s/ Dean M. Googasian
               Attorneys for Plaintiff
               6895 Telegraph Road
               Bloomfield Hills, MI  48301-3138
               248/540-3333
       E-mail: dgoogasian@googasian.com