1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION

SAM TOCCO, et al.,

          Plaintiffs,
                                          HONORABLE PAUL D. BORMAN

   v.                                     No. 05-70013

SAM ANTHONY TOCCO, et al.,

          Defendants.

   and

SAM ANTHONY TOCCO, et al.

          Counter-Plaintiffs,

   v.

SAM TOCCO, et al.,

          Counter-Defendants.
_____/

                             SETTLEMENT
                    Thursday, August 25, 2006
                             12:07 p.m.


APPEARANCES:

   For the Plaintiffs/          ROBERT P. ANDERSON
   Counter-Defendants:          Dawda, Mann, Mulcahy &
                                Sadler, PLC
                                39533 Woodward Avenue
                                Suite 200
                                Bloomfield Hills, MI  48304
                                (248) 642-3700

   (Appearances continued)

             To Obtain Certified Transcript, Contact:
             Leann S. Lizza, CSR-3746, RPR, CRR, RMR
                          (313) 965-7510
```

| | |
|---|---|
| 1 | APPEARANCES (Continued): |
| 2 | For Sam Anthony Tocco,     **ROGER L. MYERS** |
| | Knollwood, and Joseph     Howard & Howard |
| 3 | Zada:     101 North Main Street |
| |     Suite 300 |
| 4 |     Ann Arbor, Michigan  48104 |
| |     (724) 222-1099 |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

| | TABLE OF CONTENTS | |
|---|---|---|
| | | <u>Page</u> |
| | Settlement | 4 |
| | | |
| | | |
| | <u>Exhibits:</u> | <u>Received</u> |
| | (None offered.) | |

**SETTLEMENT** 4

```
                                        August 25, 2006
                                        Detroit, Michigan
                                              - - -
 4      (Call to order of the court, 12:07 p.m.)
 5              THE COURT CLERK:  Tocco versus Tocco, 05-70013.
 6              THE COURT:  Okay.  Parties please identify themselves
 7      for the record.  And, also, have we secured someone on the
 8      phone?
 9              MR. ANDERSON:  Yes, Your Honor.  If it may please the
10      Court, Robert Anderson appearing on behalf of the Plaintiff.
11              MR. MYERS:  Roger Myers, Your Honor, appearing on
12      behalf of all of the Defendants with the exception of Hyman
13      Lippitt and John Gonway.
14              THE COURT:  Okay.  And is the phone -- do we have
15      someone on the phone?  Would you identify yourself, sir or
16      ma'am?  Hi.  Would you identify -- let me do it on this phone.
17      So what line are we on?  It's not showing on this phone.
18              THE COURT CLERK:  I think it's on here.
19              THE COURT:  All right.  Okay.  Can you hear me?
20              MR. TOCCO:  Yes, I can.  I'm Sam Anthony Tocco.
21              THE COURT:  What is your name?
22              MR. TOCCO:  Sam Anthony Tocco.
23              THE COURT:  You are the grandson?
24              MR. TOCCO:  Yes.
25              THE COURT:  Okay.  And is there someone else on the
```

Case 2:09-cv-14077-DPH-VMM   Document 34-5   Filed 03/26/10   Page 5 of 14
Case 2:05-cv-70013-PDB-MKM   Document 192   Filed 08/12/2009   Page 5 of 14

SETTLEMENT                                                              5

1  phone?
2         MR. TOCCO:  Just myself.
3         MR. ANDERSON:  No, Your Honor.
4         THE COURT:  And you said that this does not cover
5  Gonway and Lippitt, but --
6         MR. ANDERSON:  Your Honor, I just --
7         THE COURT:  Can you hear what's going on, Mr. Tocco?
8         MR. TOCCO:  Yes.  It's fading in and out, but I can
9  hear for the most part.
10        THE COURT:  Why don't you, both lawyers, come right up
11 here by the phone.  Come around this way and we can all do it
12 together, and then if there's something that you're having
13 trouble hearing, Mr. Tocco, you just let us know and we'll do
14 it again.
15        MR. TOCCO:  Thank you, Your Honor.
16        THE COURT:  Okay.  So the parties indicate that they
17 are all here except for Mr. Gonway, spelled G-o-n-w-a-y, and he
18 used to be and is now separate from the law firm of Hyman and
19 Lippitt, and also the law firm of Hyman and Lippitt is not
20 represented in this matter at today's hearing.
21        MR. ANDERSON:  That's correct, Your Honor.
22        THE COURT:  Okay.  Now, you wish to put something on
23 the record with regard to a settlement, Mr. Anderson?  And then
24 I'll hear from Mr. Myers, and then I'll ask Mr. Tocco a couple
25 of questions.

Case 2:09-cv-14077-DPH-VMM   Document 34-5   Filed 03/26/10   Page 6 of 14
Case 2:05-cv-70013-PDB-MKM   Document 192   Filed 08/12/2009   Page 6 of 14

**SETTLEMENT** 6

1   MR. ANDERSON: Yes, I do, Your Honor. Would you like
2  me to present the settlement?
3   THE COURT: Right.
4   MR. ANDERSON: Regarding to --
5   THE COURT: First, let me know, there's two
6  individuals seated. Since they're in front of the bar, they
7  should just identify themselves.
8   Sir?
9   MR. TOCCO: Sam Tocco.
10   MR. ZADA: Joe Zada.
11   THE COURT: Okay. Please proceed, Mr. Anderson.
12   MR. ANDERSON: Thank you, Your Honor.
13   Your Honor, the parties have reached a settlement
14  agreement whereby Sam Anthony Tocco would pay $2 million for
15  the cemetery. The $2 million note would be at the rate of 7
16  percent interest. Payments per month, which would include
17  interest, would be $15,000 per month. Payments would be due on
18  the 15th of each month, and the first payment would be due
19  October 15th.
20   Your Honor, that note would have a 12-year balloon
21  payment whereby the entire principle and interest would come
22  due. The note would provide that it would be default in the
23  note --
24   THE COURT: A little louder.
25   MR. ANDERSON: There would be default in the note if

**SETTLEMENT** 7

1   any liens or encumbrances against the property are filed, any
2   consensual liens or encumbrances. If there's not consensual
3   liens or encumbrances against the property, that Mr. Sam
4   Anthony Tocco, grandson, will take immediate action to remove
5   those liens. There will be no diminution of value outside of
6   the ordinary course of business. All trust fund accounts that
7   are required by the State shall be paid and remain current at
8   the level required by the State and that there will be no sale
9   of any of the assets of the cemetery without the prior
10  permission of Sam Tocco, grandfather.
11         In addition, Your Honor, there would be a 15-day grace
12  period after the 15th of the month in which payments could be
13  made. If Sam Anthony Tocco goes into that grace period, there
14  would be a $200 penalty. The stock of the corporation would be
15  held in escrow, and the escrow agent would be Rick Kaufman, who
16  is a facilitator in this matter, if he's willing to act, or if
17  he's not willing to act, another suitable person designated
18  between the parties, and if the parties couldn't agree, then we
19  would request that the Court assist us in finding a neutral
20  escrow agent.
21         However, the escrow agreement will provide that if
22  grandson misses any payments for any reason that the stock will
23  immediately transfer back to grandfather and that there will be
24  no right of offset or any right or dispute relative to the
25  transfer of the stock back. If there's a missed payment, all

**SETTLEMENT** 8

1  the escrow agent needs to do is determine that the payment has
2  not been made in the grace period and then the stock will
3  transfer back -- or will transfer to grandfather.
4       In addition, any violation of a promissory note
5  relative to unpaid liens or encumbrances or diminution in value
6  will also cause the stock to transfer back to grandfather.
7       The promissory note, Your Honor, would be no recourse
8  against grandson as long as he complies with the no diminution
9  in value provision of the promissory note.
10       Relative to Mr. Zada, Your Honor, Mr. Zada will pay to
11  grandfather through the law offices of Dawda, Mann, Mulcahy and
12  Sadler the sum of $700,000.  The $700,000 should be paid as
13  follows.  I'm sorry.  It's $725,000, Your Honor.  The sum of
14  725,000 shall be paid as follows:  $200,000 on October 30,
15  2006; 200,000 on December 5, 2006; 200,000 on January 30, 2007;
16  and 125,000 on March 1, 2007.
17       Mr. Zada will have a five-day grace period to make
18  those payments.  There will be a consent judgment executed by
19  Mr. Zada in favor of Sam Tocco, grandfather, in the amount of
20  $725,000.  However, that -- and that consent judgment would
21  provide that any order of dismissal be set aside in favor so
22  the consent judgment can enter, and that consent judgment would
23  be held by myself.  It would not be entered unless there's
24  default in any of the payments after the grace period.
25       In addition, Mr. Zada will execute a mortgage against

**SETTLEMENT** 9

1   real property that he represents that he owns located at 737
2   Lake Shore Drive, Grosse Pointe, Michigan, 48236, and that
3   mortgage will be in the amount of $725,000. If Mr. -- however,
4   Plaintiff will not exercise either on the consent judgment or
5   the mortgage unless Mr. Zada misses any one of the payments.
6   If Mr. Zada makes all of the payments, the consent judgment
7   will be returned to his attorney by myself, and the mortgage
8   will be discharged.
9           Finally, Your Honor, while Hyman and Lippitt is not
10  represented today, I would represent to this Court that within
11  the last 20 minutes, half hour I did talk to Attorney Michael
12  Sullivan, who is representing them, and he indicates that I
13  have approval to represent to the Court that there will be paid
14  to grandfather by Hyman and Lippitt and Gonway the sum of
15  $50,000 in consideration for a general full release of any
16  claims against them and that, in addition, that the Hyman
17  Lippitt firm which currently holds the escrow and trust will
18  transfer --
19          THE COURT: The stock.
20          MR. ANDERSON: I mean hold the stock in escrow will
21  transfer that stock to the new escrow agent under the agreement
22  that I've outlined here today.
23          Your Honor, that constitutes a full and complete
24  settlement of the claims. It would have standard terms and
25  conditions releasing all of the parties from any further

**SETTLEMENT** 10

1  liability, and it's understood by the parties that this is the
2  end of the litigation between them.
3          THE COURT:  Okay.  Let me ask Mr. Myers first.  Do you
4  have anything you want to add to what's been stated?
5          MR. MYERS:  Yes.  Thank you, Your Honor.  Just a few
6  points of clarification.
7          Just to follow up on the last point that Mr. Anderson
8  mentioned, this is going to -- it's the intent of the parties
9  for this to be a global resolution of the issues in this case.
10 To that end, there will be -- there are two existing promissory
11 notes that are currently in effect.  In addition to the
12 dismissal, there will be an extinguishment of those promissory
13 notes to be replaced with the promissory note that was outlined
14 by Mr. Anderson in this discussion.
15         THE COURT:  Is that correct, Mr. Anderson?
16         MR. ANDERSON:  That is correct.
17         THE COURT:  Okay.  Next.
18         MR. MYERS:  The second point was Mr. Anderson
19 indicated that as part of the agreement that Mr. Tocco
20 grandson, Mr. Tocco, shall not sell any of the assets of the
21 cemetery.  I think it's important to clarify -- I just think it
22 was a point of clarification -- that that's beyond the sale of
23 assets in the ordinary course of business.  Obviously, the
24 cemetery is selling plots.
25         THE COURT:  You're selling plots.

```
 1        MR. MYERS:  Absolutely.
 2        MR. ANDERSON:  That's correct.
 3        MR. MYERS:  That's extraordinary assets, sales that
 4   we're referring to.
 5        THE COURT:  Let me just ask Mr. Anderson.  Is that
 6   agreed to?
 7        MR. ANDERSON:  Yes, Your Honor.
 8        THE COURT:  Okay.
 9        MR. MYERS:  The next point, Your Honor, was
10   Mr. Anderson indicated that the triggering event for the
11   transfer of the stock out of escrow to Grandfather Tocco would
12   be if there was a missed payment.  I thought he said in the
13   grace period.
14        THE COURT:  No, outside.
15        MR. MYERS:  I just want to clarify it's beyond, beyond
16   the 15-day grace period.
17        THE COURT:  Is that correct, Mr. Anderson?
18        MR. ANDERSON:  That's correct.  That's correct.
19        MR. MYERS:  The next item, Your Honor, was in
20   Mr. Anderson's discussion of the consent judgment that's going
21   to be executed and held, essentially as security for the
22   installment payments to be made by Mr. Zada, the one thing that
23   wasn't mentioned is that consent judgment will also provide
24   that although the face amount of the consent judgment is
25   725,000, if it ever is to be entered because of a default, it
```

**SETTLEMENT** 12

```
 1  will be set off against whatever installments have been made in
 2  the interim against the installments that have been outlined
 3  that Mr. Zada has been made responsible for.
 4          THE COURT:  Is that correct, Mr. Anderson?
 5          MR. ANDERSON:  Yes, Your Honor.
 6          MR. MYERS:  I believe that's all the points of
 7  clarification I have, Your Honor.
 8          THE COURT:  Let me just ask one question with regard
 9  to the house that is going to be a possible security.  If
10  that's sold, then what happens?
11          MR. ANDERSON:  Well, the sale proceeds would have to
12  go against -- would have to be paid to pay down Mr. Zada's
13  obligation then, Your Honor.
14          THE COURT:  Is that something that's agreeable to you
15  or do you want to ask Mr. Zada right now?
16          MR. ZADA:  That's fine.
17          THE COURT:  A little louder.
18          MR. ZADA:  Yes.  That's fine.
19          THE COURT:  Okay.  Let me ask, first, Mr. Sam Anthony
20  Tocco on the phone, you've heard the resolution of this matter.
21  Are you satisfied with what -- the terms that have been stated
22  on the record?
23          MR. TOCCO:  Yes, Your Honor.
24          THE COURT:  Okay.  Let me ask Mr. Tocco, grandfather,
25  you've heard the terms of the resolution.  Are you satisfied?
```

SETTLEMENT 13

```
 1            MR. TOCCO:  Yes, I am.
 2            THE COURT:  Let me ask Mr. Joseph Zada, you've heard
 3   the terms of the resolution.  Are you satisfied?
 4            MR. ZADA:  Yes, sir.
 5            THE COURT:  Do any of the parties have anything
 6   further that they want to state at this time with regard to the
 7   settlement?  Let me ask starting with Mr. Anderson.
 8            MR. ANDERSON:  No, Your Honor.
 9            THE COURT:  Mr. Myers?
10            MR. MYERS:  No, Your Honor.
11            THE COURT:  Mr. Sam Anthony Tocco?
12            MR. TOCCO:  No, Your Honor.
13            THE COURT:  Mr. Grandfather Tocco?
14            MR. TOCCO:  No.
15            THE COURT:  Mr. Zada?
16            MR. ZADA:  No.
17            THE COURT:  Okay.  Then we are concluded.  Thank you
18   all.
19            MR. TOCCO:  Yes, thank you.
20            MR. ZADA:  Thank you.
21            MR. MYERS:  Thank you, Your Honor.
22            MR. ANDERSON:  Thank you.
23            THE COURT:  Very good.
24       (Proceedings concluded, 12:20 p.m.)
25                              -  -  -
```

Case 2:09-cv-14077-DPH-VMM   Document 34-5   Filed 03/26/10   Page 14 of 14
Case 2:05-cv-70013-PDB-MKM   Document 192   Filed 08/12/2009   Page 14 of 14

14

```
 1                    CERTIFICATION OF REPORTER
 2
 3
 4      I, Leann S. Lizza, do hereby certify that the
 5   above-entitled matter was taken before me at the time and
 6   place hereinbefore set forth; that the proceedings were duly
 7   recorded by me stenographically and reduced to computer
 8   transcription; that this is a true, full and correct
 9   transcript of my stenographic notes so taken; and that I am
10   not related to, nor of counsel to either party, nor interested
11   in the event of this cause.
12
13
14   S/Leann S. Lizza                              8-12-09
15   Leann S. Lizza, CSR-3746, RPR, CRR, RMR        Date
16
17
18
19
20
21
22
23
24
25
```