# EXHIBIT B

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SERGEI FEDOROV, an individual,

    Plaintiff,

vs.

JOSEPH ZADA, an individual; ZADA ENTERPRISES, LLC, a Michigan limited liability company; XANDARIUS LLC, a Michigan limited liability company; XANDARIUS LLC, a Florida limited liability company; and EQUEST PROPERTIES, LLC, a Florida limited liability company, Jointly and Severally,

    Defendants.

Fedorov, Sergei v Zada, Joseph,
Hon. Kathleen Macdonald       07/23/2009

09-018061-CB

---

Peter M. Alter (P10145)
Louis P. Rochkind (P24121)
Michael F. Jacobson (P47059)
Jaffe, Raitt, Heuer & Weiss P.C.
**Attorneys for Plaintiff**
27777 Franklin Road, Suite 2500
Southfield, MI 48034-8214
Ph: (248) 351-3000
Fx: (248) 351-3082



FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK
AUG 2 1 2009
BY Cathy M. Smett

Marc G. Beginin (P65576)
Marc G. Beginin, PLLC
**Co-Counsel for Plaintiff**
2023 Hazel Street
Eton Street Station
Birmingham, MI 48009
Ph: (248) 727-1385
Fx: (248) 593-1029



MOTION FEE PAID

---

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS**

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS

Plaintiff, Sergei Fedorov ("Federov"), by and through his attorneys, Jaffe Raitt Heuer & Weiss, P.C, moves for default judgment against Defendants Joseph Zada ("Zada"), Zada Enterprises, LLC ("Zada Enterprises"), Xandarius, LLC, a Michigan limited liability company ("Xandarius MI"), Xandarius, LLC, a Florida limited liability company ("Xandarius FL"), and Equest Properties, LLC ("Equest") (each of Zada Enterprises, Xandarius MI, Xandarius FL and Equest is a "Zada Entity" and, collectively, the "Zada Entities"), jointly and severally. In support of his motion, Plaintiff states as follows:

1. Plaintiff's Complaint against Defendants was filed on July 23, 2009. Tab 1.

2. In the Complaint, Plaintiff sought judgment against Zada and the Zada Entities based upon, *inter alia*, their breach of the terms of a certain Payment, Release, Standstill and Confidentiality Agreement (the "Payment Agreement"), attached as Exhibit A to the Complaint.

3. Each of the Defendants was personally served with the Summons and Complaint on July 30, 2009. See Proofs of Service attached at Tabs 2 - 6.

4. Neither Zada nor any of the Zada Entities filed a response to the Complaint within the requisite period allotted under MCR 2.108(A).

5. A default was therefore entered against Zada and the Zada Entities on August 21, 2009.

6. A copy of the notice of entry of the default was personally served on Zada and each of the Zada Entities on August 21, 2009. See Entries of Default attached at Tabs 7 - 8.

7. Zada and the Zada Entities are being served with a copy of this motion, together with the exhibits and the attached brief, on August 21, 2009.

1786955.02                                                    2

8. Pursuant to MCR 2.603, default judgment should be entered in favor of Plaintiff and against Zada and the Zada Entities, jointly and severally.

9. The Payment Agreement specifically provides in Paragraph 3 that if payment is not made to Plaintiff on or before April 20, 2009, then:

> Zada and/or the Zada Entities, as the case may be, hereby consent to the immediate entry of a judgment in favor of Fedorov and against Zada and/or the Zada Entities, as the case may be, in the Wayne County, Michigan Circuit Court, in the customary form of a consent judgment, in the principal amount of $60,000,000.00.

Exhibit A to the Complaint, ¶ 3.

10. It is further provided in the Payment Agreement that any and all defenses were waived:

> Zada and/or the Zada Entities, as the case may be, further agree that in the event Zada fails to comply with the terms of Section 1 of this Agreement, they hereby waive any and all defenses to the entry of the aforesaid consent judgment, they shall not in any manner attempt to defend or interfere with its entry, and they shall not take any appeal therefrom.

Exhibit A to the Complaint, ¶ 3.

11. The total amount owed to Plaintiff by Zada and the Zada Entities, arising, *inter alia*, from their breach of the Payment Agreement, is $60,000,000, as specifically alleged in the Complaint, Tab 1, plus applicable interest.

12. Zada and the Zada Entities are jointly and severally liable to Plaintiff for the $60,000,000 amount under the terms of the Payment Agreement. *Id.*

13. From July 23, 2009, the date on which the Complaint was filed, to August 21, 2009, the date on which the default was entered, accrued judgment interest owed by Zada and the Zada Entities to Plaintiff totals $152,926.41 at the statutory six-month interest rate of 3.101%.

1786955.02                                3

14. The amount owed to Plaintiff by Zada and the Zada Entities as of August 21, 2009 is **$60,152,926.41**, which is compiled by adding: (1) the principal amount of $60,000,000; and (2) $152,926.41 in judgment interest from July 23, 2009 to August 21, 2009.

15. Pursuant to MCR 2.603, this Court should enter a Default Judgment in favor of Plaintiff and against Zada and the Zada Entities, jointly and severally, in the amount of **$60,152,926.41**.

WHEREFORE, Plaintiff respectfully requests that this Court enter a Default Judgment in favor of Plaintiff Sergei Fedorov and against Defendants Joseph Zada, Zada Enterprises, LLC, Xandarius, LLC, a Michigan limited liability company, Xandarius, LLC, a Florida limited liability company, and Equest Properties, LLC, jointly and severally, in the amount of $60,152,926.41 through August 21, 2009, plus all additional interest of any kind until satisfaction of the judgment, and other such relief to Plaintiff as the Court deems appropriate.

JAFFE RAITT HEUER & WEISS, PC
Professional Corporation

By: _____
Peter M. Alter (P10145)
Louis P. Rochkind (P24121)
Michael F. Jacobson (P47059)
Jaffe, Raitt, Heuer & Weiss P.C.
**Attorneys for Plaintiff**
27777 Franklin Road, Suite 2500
Southfield, MI 48034-8214
Ph: (248) 727-1385
Fx: (248) 351-3082

Dated: August 21, 2009

1786955.02

4